

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Joseph Baldwin*
*Assistant United States Attorney*
*Joseph.Baldwin@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-4238*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

**FILED VIA CM/ECF**

July 10, 2026

Honorable Paula Xinis
United States District Judge
United States Courthouse
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770

Re:    *United States v. Khalid Razaq*
        Criminal No. PX-18-468
        Response to Motion for Early Termination of Supervised Release

Dear Judge Xinis:

Please accept this letter as a response to Mr. Razaq's motion for early termination of supervised release.  ECF No. 503.

I will not recite the full facts of the underlying conviction, but refer the Court to Mr. Razaq's PSR.  Mr. Razaq participated in a scheme that involved fraud, fencing of stolen goods, and money laundering running into the millions of dollars.

The Government's position is that Mr. Razaq should stay on supervised release through his full term.  Mr. Razaq was called by the Government and testified at the trial against one of his conspirators.  He was cross-examined on the fact that even after his arrest in the underlying matter he was still moving money connected to the scheme.  He has been convicted multiple times of federal crimes and, in fact, met his co-conspirators in the offense of conviction in federal prison when serving a sentence for a prior conviction.  Even when under the closest conditions of scrutiny, Mr. Razaq's criminal activities have evaded the attention of those who were investigating him or monitoring him on behalf of the Court.

The Government recommends that the Probation Office continue to closely scrutinize whether Mr. Razaq is fully compliant with the conditions of supervised release, compare any responses from Mr. Razaq with available records, and that any deviation from the terms be fully explored.  *See, e.g.,* Judgment, ECF NO. 426 at 4 ("No New Debt/Credit"). This includes, at a minimum, any terms related to financial arrangements: loans, etc.  Furthermore, the Government recommends that Probation periodically take a full and complete look at Mr. Razaq's finances—

including completion of an up-to-date financial affidavit, review of up-to-date tax return information, etc.  A searching financial query was bargained for and agreed to in the plea agreement, CM/ECF No. 147 at page 3, and financial disclosure was specifically contemplated in the supervised release conditions, ECF No. 426 at 4 ("Financial Disclosure").

Moreover, the Government recommends that the rate of payment of restitution be reviewed in light of Mr. Razaq's complete financial picture and the amounts outstanding on the $4,494,882.66 restitution judgment.  ECF No. 426 at 5.  Restitution is a mandatory condition of Mr. Razaq's supervised release.  ECF No. 426 at 4.  The law regarding restitution anticipates that the defendant will notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. *See* 18 U.S.C. § 3664(k).  It is clear that based on such information the Court may increase or decrease the payment schedule or require immediate payment in full.  *Id.*  The Government asserts that expectations for repayment should be made in an upward direction whenever possible, and notes that meeting restitution obligations may and should properly impinge on a convicted defendant's financial and lifestyle choices.  A glance at the Google satellite view for Mr. Razaq's current residence shows that he is living in a place that suggests an ability to pay more than $250 month, if restitution were properly prioritized.

Finally, the Government has not yet been able to make contact with the victim of Mr. Razaq's fraud, fencing, and money laundering conviction: the owner of the digital TV company who testified at the trial of a conspirator about how the scheme devastated his company and involved millions of dollars of electronics.  However, the Government feels confident, based on previous communications, that all of the victims of the fraud scheme would prefer that Mr. Razaq remain monitored, on supervision, and paying the highest amount possible on restitution given his finances.  Should Mr. Razaq's supervision be terminated early, the burden of surveillance of Mr. Razaq's finances and payment obligations will shift to the victims and the Government without the benefit of the Court's oversight (through probation) or the potential for penalties (including additional imprisonment) if Mr. Razaq is not in full compliance with his obligations.  This is a non-trivial aspect of supervised release in a case involving millions of dollars and a recidivist defendant.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Digitally signed by JOSEPH BALDWIN
Date: 2026.07.10 10:32:55 -04'00'

Joseph Baldwin
Assistant United States Attorney

cc:    Khalid Razaq
       6672 Riverford Ct.
       Manassas, VA 20112